UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WCO SPECTRUM, LLC,

Plaintiff,

-against-

HISPANIC INFORMATION AND TELECOMMUNICATIONS NETWORK, INC.,

Defendant.

26-CV-01014 (VSB) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Defendant's motion to permanently seal certain pricing information within a number of lease agreements between the parties, filed as exhibits with its motion to dismiss. (*See* ECF 22, Letter-Mot. To Seal.)

There is a presumption of public access to judicial documents, and the Court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).[1] Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the court determines whether the

---

1 This order omits internal quotation marks, citations, and alterations from quoted text.

documents are "judicial documents" as to which both a common law and a constitutional presumption of public access applies; second, if the documents are judicial documents, the court then determines the "weight" of the presumption of public access; and finally, the court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 119-20*.*

For documents to qualify as "judicial documents," they "must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119. A document is "relevant to the performance of the judicial function if it would reasonably have the tendency to influence a district court's ruling . . . ." *In re Arida, LLC*, No. 19-MC-0522 (PKC), 2020 WL 8513844, at *1 (S.D.N.Y. Dec. 23, 2020) (quoting *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019)).

If a party proposes to seal "judicial documents," the court determines how much weight to assign to the presumption of access. *See Lugosch*, 435 F.3d at 119. As the Second Circuit has explained:

> [T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to ensure their irrelevance.

*Id*. The court then assesses whether the party seeking sealing demonstrated that there are "countervailing factors," "competing considerations," or "higher values" sufficient to overcome the presumption of access. *Lugosch*, 435 F.3d at 120, 124. Neither "conclusory assertion[s]" of harm nor "[b]road and general findings by the trial court" will suffice. *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Rather, a judicial document may be sealed only if "specific, on the

record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *In re N.Y. Times Co.*, 828 F.2d at 116). Thus, any sealing order must be "narrowly tailored" to preserve privacy concerns and may require redactions rather than sealing an entire document. *See Lugosch*, 435 F.3d at 124.

Here, the exhibits in question are lease agreements between the parties, for which Defendant seeks redaction of pricing information. (*See* ECF 22-1 to ECF 22-49.) Defendant seeks to file the agreements as exhibits to its motion to dismiss. (*See* ECF 24, Def.'s Mot. To Dismiss.) As such, the lease agreements are judicial documents. *See Lask v. Sorid*, No. 25-CV-05724 (GRB) (JMW) 2026 WL 2350288, at *3 (E.D.N.Y. Aug. 13, 2026) ("Documents submitted in support or opposition to a motion to dismiss are judicial documents."). However, the pricing information that Defendant seeks to redact plays only "a negligible role in the performance of Article III duties" because the information is not central to resolving Defendant's motion to dismiss (*see* ECF 22, Def.'s Letter-Mot. To Seal at 2) and as such, "the weight of presumption is low." *U.S. v. Amodeo*, 71 F. 3d 1044, 1050 (2d Cir. 1995).

Further, Defendant has identified countervailing factors sufficient to outweigh the low presumption of access given the pricing information in the lease agreements; Defendant argues that it "has a strong privacy interest in maintaining the redacted pricing information as confidential [because] if publicly disclosed and available to competitors, [it] could cause [Defendant] and its partners competitive harm. (ECF 22, Def.'s Letter-Mot. to Seal at 2.) Indeed, Courts in this circuit have found that parties' privacy interests in similarly sensitive financial information "outweigh the public's interest . . . . [and] routinely permit parties to redact

sensitive financial information akin to the material at issue here." *Graczyk v. Verizon Commc'ns, Inc.*, No. 18-CV-6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (permitting the defendants to redact the financials terms of contracts with different suppliers and vendors because they "demonstrated that the redacted materials contains sensitive information that, if disclosed, might harm [their] competitive standing.") *See also In re Digit. Music Antitrust Litig.*, 321 F.R.D. 64, 81 n. 1 (S.D.N.Y. 2017) (same). Finally, Defendant's requested redactions are narrowly tailored because they only redact the specific dollar figures found in each of the lease agreements. *See Graczyk*, 2020 WL 1435031, at *9 (holding that redactions to only the financial terms of supplier and vendor agreements were narrowly tailored to protect the defendants' commercially sensitive information from public access).

Accordingly, Defendant's motion to seal is GRANTED. The filings at ECF 22 shall remain under seal.

DATED: September 9, 2026
New York, NY

SO ORDERED.

______________________________
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**